IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-422-SMD |
| | ) | |
| FRANK M. BISIGNANO,[1] | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

Plaintiff Donna S. ("Plaintiff") applied for Supplemental Security Income ("SSI") and disability under Title II of the Social Security Act ("Title II") on December 10, 2020, alleging she became disabled on September 5, 2020. Tr. 325, 327. Plaintiff's application was denied at the initial administrative level and on reconsideration. Tr. 199-217. She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on November 22, 2023, that Plaintiff was not disabled. Tr. 19-39. Plaintiff appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff appeals under 42 U.S.C. § 405(g). For the following reasons, the Court

---

[1] Frank M. Bisignano, the Commissioner of the Social Security Administration, is substituted for Martin J. O'Malley as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

AFFIRMS the Commissioner's decision.[2]

I.      STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 8); Def.'s Consent (Doc. 10).

[3] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a mere scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

**III.   ADMINISTRATIVE PROCEEDINGS**

Plaintiff was 48 years old on her alleged disability onset date. Tr. 26. She completed two years of college and has past relevant work experience as a substance abuse counselor. Tr. 26; 38. Plaintiff alleged disability due to rheumatoid arthritis, anxiety attacks, and phantosmia. Tr. 384.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date. Tr. 21. At step two, the ALJ found Plaintiff suffers from the following severe impairments: osteoarthritis, mild degenerative joint disease of the right knee, and seropositive rheumatoid arthritis. Tr. 21-24. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24-25.

The ALJ proceeded to determine Plaintiff's RFC, finding she has the capacity to perform sedentary work with additional functional limitations. Tr. 25-38. At step four, the ALJ found that Plaintiff can perform past relevant work as a substance abuse counselor. Tr. 38. Because the ALJ found that Plaintiff could perform past relevant work, she did not reach step five. *McDaniel*, 800 F.2d at 1030. Accordingly, the ALJ found Plaintiff was not disabled from September 5, 2020, through the decision date. Tr. 38.

IV. **PLAINTIFF'S ARGUMENT**

Plaintiff presents one issue for the Court's review:

(1) Whether the ALJ's findings regarding the persuasiveness of three medical opinions are supported by substantial evidence.

Pl.'s Br. (Doc. 7) p. 4.

V. **ANALYSIS**

In evaluating the persuasiveness of a medical opinion, an ALJ is required to consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(a), (c). Because supportability and consistency are the "most important" factors considered, an ALJ must articulate how he considered these factors for a medical source's opinion.[6] *See Simon v.*

---

[6] For supportability, "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be. 20 C.F.R. § 404.1520c(c)(1).

For consistency, "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be. 20 C.F.R. § 404.1520c(c)(2).

*Kijakazi*, 2021 WL 4237618, at *3 (M.D. Fla. Sept. 17, 2021); 20 C.F.R. § 404.1520c(a)-(c). An ALJ may—but is not required to—explain how he considered the other remaining factors. *Nix v. Saul*, 2021 WL 3089309, at *6 (N.D. Ala. July 22, 2021) (citing 20 C.F.R. § 404.1520c(b)(2)). The Social Security Regulations provide that a "medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion." 82 F. Reg. 5844, 5845 (Jan. 18, 2017) (emphasis added). "Thus, a medical opinion is unpersuasive if it is *either* unsupported by, *or* inconsistent with, the record." *Tracy F. v. O'Malley*, 2024 WL 1701572, at *3 (D. Idaho Apr. 19, 2024) (citing *Woods v. Kijakazi*, 32 F.4th 785, 792-93 (9th Cir. 2022)) (emphasis added).

Plaintiff challenges three medical opinions rejected by the ALJ. Plaintiff argues that the ALJ erred in rejecting the opinions of Dr. Carlos M. Gadea ("Dr. Gadea") and Dr. Malaika Hakima ("Dr. Hakima") because they are consistent with each other and supported by the objective medical evidence. Pl.'s Br. (Doc. 7) at pp. 7-9. Plaintiff argues that the ALJ erred in rejecting Dr. Fernelle L. Warren's ("Dr. Warren") medical opinion as to her psychological condition because the opinion is supported by objective medical evidence. *Id.* Additionally, Plaintiff argues in passing that the ALJ improperly substituted her own opinion for that of the medical experts. *Id.* at 7. As explained below, the ALJ did not err.

### 1. Dr. Gadea

Plaintiff argues that the ALJ erred in rejecting Dr. Gadea's opinion because it is consistent with other medical opinions and supported by the objective medical evidence in the record. Pl.'s Br. (Doc. 7) pp. 7-8. Dr. Gadea's opinion limited Plaintiff to, *inter alia*,

6

carrying five pounds occasionally and one pound frequently, and to sitting for four hours and standing for two hours. Tr. 729. Dr. Gadea also opined that Plaintiff's pain is present to such an extent as to be distracting to the adequate performance of daily activities or work and that activity greatly increases her pain to such a degree as to cause distraction from or total abandonment of tasks. Tr. 728. In her opinion, the ALJ determined that Dr. Gadea's findings were inconsistent with the objective medical evidence, which indicated that Plaintiff's symptoms were controlled enough to reduce her medication and that there was "no evidence of synovitis, swelling, or erosion observed during most physical exams or on imaging." Tr. 35-36. This is substantial evidence supporting the ALJ's finding that Dr. Gadea's opinion was not consistent with the record medical evidence.

Plaintiff argues otherwise, noting that Dr. Gadea's opinion is consistent with the opinions of other physicians. But there is no requirement that an ALJ find a medical opinion persuasive simply because it is consistent with another medical opinion. Further, while Plaintiff points to evidence that seemingly supports Dr. Gadea's opinion, this evidence does not undermine the substantial evidence supporting the ALJ's conclusion otherwise. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence supporting the ALJ's conclusion."). The Court cannot reweigh the evidence before the Commissioner and must affirm the Commissioner's decision even if the evidence preponderates against the Commissioner's findings. *See Ellison*, 355 F.3d at 1275 ("Even if the evidence preponderates against the Commissioner's findings, the court must affirm if the decision reached is supported by substantial evidence."). Accordingly, even though

7

record evidence may support Dr. Gadea's opinion, substantial evidence supports the ALJ's rejection of the opinion and requires the Court to conclude that the ALJ did not err.

### 2. Dr. Hakima

Similarly, the ALJ's determination that Dr. Hakima's opinion is unpersuasive is supported by substantial evidence. Dr. Hakima imposed similar restrictions to Dr. Gadea, including a lifting limitation of 7/8 pounds, 20-minute walking/standing intervals, and an assistive walking device. Tr. 708-09. However, the ALJ found this opinion unpersuasive because it was inconsistent with imaging—which showed no swelling, synovitis, or erosion—and with other examinations—which often noted normal findings. Tr. 36. This is substantial evidence supporting the ALJ's finding that Dr. Hakima's opinion was not consistent with the objective medical evidence.

As with Dr. Gadea's opinion, Plaintiff points to evidence supporting Dr. Hakima's opinion and invites the Court to reweigh the evidence, which the Court cannot do. Therefore, because substantial evidence supports the ALJ's conclusion that Dr. Hakima's opinion is inconsistent with the record, the ALJ did not err in finding the opinion unpersuasive.

### 3. Dr. Warren

Finally, the ALJ's decision that Dr. Warren's opinion is unpersuasive is supported by substantial evidence. Dr. Warren opined that Plaintiff would be more than mildly impaired in certain categories of mental functioning. Tr. 68, 712-714. The ALJ rejected this opinion, stating that "[t]here is no evidence of ongoing mental health treatment with a mental health professional or at a mental health facility" and that Plaintiff's examinations

"often document normal findings." Tr. 36. This is substantial evidence supporting the ALJ's finding that Dr. Warren's opinion was not consistent with the record medical evidence.

Once again, Plaintiff points to other medical records, inviting the Court to reweigh the evidence and conclude that the ALJ erred in rejecting Dr. Warren's opinion. But the Court cannot reweigh the evidence, and because there is substantial evidence supporting the ALJ's conclusion that Dr. Warren's opinion is inconsistent with the record, the ALJ did not err in finding the opinion unpersuasive.

### 4. The ALJ did not substitute her opinion for those of the medical experts.

To the extent Plaintiff argues that the ALJ improperly substituted her opinion for that of the medical experts by rejecting the physicians' opinions, the argument fails. An ALJ is tasked with determining Plaintiff's RFC, which is exclusively within her purview. As part of that review, the ALJ examines medical opinion evidence but may deem that evidence unpersuasive in accordance with the Social Security regulations. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (noting that an ALJ may not play doctor but may examine the credibility of a medical opinion in light of other record evidence). As outlined above, the ALJ's decision to reject the medical opinions of Dr. Gadea, Dr. Hakima, and Dr. Warren is supported by substantial evidence. Accordingly, the ALJ did not impermissibly substitute her own opinion for those of the medical experts when formulating Plaintiff's RFC.

## VI.     CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error and that substantial evidence supports the Commissioner's decision. Accordingly, it is

ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 7th day of July, 2025.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE